UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM RODRIGUEZ,                                          **AMENDED**
                                                            **COMPLAINT**
                **Plaintiff,**
                                                            13 CV 4329 (ERK) (RML)
–against–

DETECTIVE ROCK PEREIRA (Shield No.
3045), THE CITY OF NEW YORK, and                            *JURY TRIAL DEMANDED*
UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS NO. 1-10,

                **Defendants.**
------------------------------------------------------------X

        Plaintiff WILLIAM RODRIGUEZ, complaining of the defendants, by his attorneys, ABBOTT BUSHLOW & SCHECHNER, LLP, respectfully alleges:

## INTRODUCTION

        1.    This is an action for money damages brought against the defendants pursuant to 42 U.S.C. §§ 1983 and 1988, pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and arising under the law and statutes of the State of New York.

        2.    As set forth more fully below, the plaintiff alleges that the individual defendants conducted an unreasonable search of the plaintiff's residence and made an unreasonable seizure of the plaintiff's person, violating his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and that these individual defendants assaulted and battered the plaintiff, falsely arrested and imprisoned him, and maliciously prosecuted a criminal action against him, causing offense and personal injuries. It is further alleged that these violations and torts were committed in the scope of the individual

defendants' employment by the New York City Police Department and/or other agencies or departments of defendant THE CITY OF NEW YORK, and as a result of policies and customs of THE CITY OF NEW YORK.

## JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), this being an action authorized by law (a) to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by an Act of Congress, and (b) to recover damages under an Act of Congress providing for the protection of civil rights.

4. Jurisdiction over the plaintiff's state law claims is founded upon 28 U.S.C. § 1367, as the events, parties, transactions and injuries that form the basis of the plaintiff's federal claims are identical to those which form the basis of the plaintiff's claims under applicable state and municipal law.

5. The Eastern District of New York is a proper venue for this action pursuant to 28 U.S.C. §§ 1391(b) and (c) in that defendant THE CITY OF NEW YORK is deemed a resident of this district and in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of One Hundred Fifty Thousand and No/100 Dollars ($150,000.00).

## PARTIES

7. At all relevant times, plaintiff WILLIAM RODRIGUEZ was and is a

natural person and a resident of Queens County, in the City and State of New York.

8. Upon information and belief, at all relevant times, defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, at all relevant times, the New York City Police Department ("NYPD") was and is a local governmental agency or department within defendant THE CITY OF NEW YORK, and defendant THE CITY OF NEW YORK is responsible for the policies, practices, and customs of the NYPD, as well as for the hiring, screening, training, supervising, controlling, and disciplining of the NYPD's agents, servants, and employees.

10. Upon information and belief, defendant THE CITY OF NEW YORK is vicariously liable for the acts and omissions of its agents, servants, and employees, including those working for the NYPD as detectives and police officers.

11. Upon information and belief, at all relevant times, defendant DETECTIVE ROCK PEREIRA was and is a duly appointed and acting detective with the NYPD, with Shield No. 3045.

12. Upon information and belief, at all relevant times, defendant PEREIRA was and is acting under color of the statutes, ordinances, regulations, policies, customs, and usages of THE CITY OF NEW YORK.

13. Upon information and belief, at all relevant times, defendant PEREIRA was acting as an agent, servant, and/or employee of defendant THE CITY OF NEW YORK.

14. The UNIDENTIFIED NEW YORK CITY POLICE OFFICERS NO. 1-10

are individuals whose identities are presently unknown, but said reference is intended to refer to the other individual NYPD police officers involved in the search, seizure, arrest, confinement, assault, and battery of the plaintiff, and in the other events at issue in this action.

15. Upon information and belief, at all relevant times, defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS NO. 1-10 were and are duly appointed and acting police officers with the NYPD.

16. Upon information and belief, at all relevant times, defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS NO. 1-10 were and are acting under color of the statutes, ordinances, regulations, policies, customs, and usages of THE CITY OF NEW YORK.

17. Upon information and belief, at all relevant times, defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS NO. 1-10 were acting as agents, servants, and/or employees of defendant THE CITY OF NEW YORK.

## STATE PROCEDURAL ALLEGATIONS

18. Prior to the commencement of this action, and within ninety (90) days from the accrual of his claims, the plaintiff did duly file a (First) Notice of Claim with defendant THE CITY OF NEW YORK.

19. At the time of the commencement of this action, more than thirty (30) days had elapsed since the filing of the (First) Notice of Claim, and less than one (1) year had elapsed since the accrual of Plaintiff's causes of action, and the defendants had failed and refused to pay or otherwise satisfy said claims.

20. Prior to the filing of this Amended Complaint, and within ninety (90) days

from the accrual of his additional claims, the plaintiff did duly file a (Second) Notice of Claim with defendant THE CITY OF NEW YORK.

21. More than thirty (30) days have elapsed since the filing of the (Second) Notice of Claim, and less than one (1) year and ninety days have elapsed since the accrual of Plaintiff's additional causes of action, and the defendants have failed and refused to pay or otherwise satisfy said additional claims.

22. If the defendants assert the applicability of and the offsets contained in Article 16 of the CPLR, then and in that event the plaintiff alleges that Article 16 is not applicable to this action or, in the alternative, if applicable, that one or more of the exceptions contained in section 1602 are applicable.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

23. On or about August 1, 2012, at approximately 6:30 a.m., at the plaintiff's place of residence at 60-76 71st Avenue, Apt. 2R, Ridgewood, New York 11385, the plaintiff's apartment was unlawfully and forcibly entered by defendants PEREIRA and the other UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, without probable cause, and without knocking or otherwise first announcing their presence, while the plaintiff was sleeping in his bedroom.

24. Thereafter, the plaintiff was violently pulled from his bed, handcuffed, forced to his knees, and beaten.

25. The plaintiff then was unlawfully detained while defendant PEREIRA and the other UNIDENTIFIED NEW YORK CITY POLICE OFFICERS ransacked his apartment and threw his possessions about the premises.

26. Thereafter, the plaintiff was removed from his apartment in handcuffs, without any probable cause or justification whatsoever, and, without being advised of his legal rights, was arrested and ostensibly charged with two violations of the New York City Administrative Code.

27. Upon information and belief, the defendants knew or should have known (after due investigation and inquiry) that no probable cause existed to arrest the plaintiff.

28. The plaintiff was then transferred to the Queens Detention Center, where he was deprived of his liberty and remained imprisoned and confined for approximately 15 hours.

29. Thereafter, the defendants wrongfully and without basis in law or fact pursued a prosecution and criminal proceeding against the plaintiff in the Criminal Court of the City of New York, County of Queens, entitled *The People of the State of New York v. William Rodriguez,* 2012QN041282.

30. On April 2, 2014, the prosecution and criminal proceeding was terminated in favor of the plaintiff.

31. Defendant THE CITY OF NEW YORK, as a matter of policy and practice, with deliberate indifference, has failed to properly sanction or discipline its detectives and police officers, including the individual defendants in this case, for violations of the constitutional rights of its citizens, thereby causing, permitting, and/or allowing its detectives and police officers, including the individual defendants in this case, to engage in unlawful conduct.

32. As a direct and proximate result of the foregoing, plaintiff WILLIAM RODRIGUEZ suffered the following injuries and damages:

    a.    violation of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable searches and seizures;

    b.    loss of his physical liberty;

    c.    embarrassment and humiliation; and

    d.    personal injury, physical pain and suffering, and emotional trauma and suffering (including fear and nightmares).

33. The foregoing acts and omissions of the defendants violated the following clearly established and well settled federal constitutional rights of the plaintiff:

    a.    freedom from summary punishment;

    b.    freedom from unreasonable searches and seizures;

    c.    freedom from false arrest;

    d.    freedom from malicious prosecution; and

    e.    freedom from the use of excessive, unreasonable, and unjustified force.

## COUNT I – 42 U.S.C. § 1983

34. Plaintiff WILLIAM RODRIGUEZ restates and realleges paragraphs 1 through 33 above and incorporates them by reference as though fully set forth.

35. Plaintiff WILLIAM RODRIGUEZ claims damages for the injuries set forth above pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights under color of law.

## COUNT II – ASSAULT AND BATTERY

36. Plaintiff WILLIAM RODRIGUEZ restates and realleges paragraphs 1

ABBOTT BUSHLOW & SCHECHNER, LLP • ATTORNEYS AT LAW • 70-11 FRESH POND ROAD • RIDGEWOOD, N.Y. 11385

through 33 above and incorporates them by reference as though fully set forth.

37. The defendants assaulted and battered plaintiff WILLIAM RODRIGUEZ.

38. As a result of said assault and battery, plaintiff WILLIAM RODRIGUEZ suffered damages as aforesaid.

### COUNT III – FALSE ARREST AND ILLEGAL IMPRISONMENT

39. Plaintiff WILLIAM RODRIGUEZ restates and realleges paragraphs 1 through 33 above and incorporates them by reference as though fully set forth.

40. The defendants illegally arrested and imprisoned plaintiff WILLIAM RODRIGUEZ.

41. Said arrest and imprisonment was not otherwise privileged or justified under the circumstances.

42. As a result of said false arrest and illegal imprisonment, plaintiff WILLIAM RODRIGUEZ suffered damages as aforesaid.

### COUNT IV – MALICIOUS PROSECUTION

43. Plaintiff WILLIAM RODRIGUEZ restates and realleges paragraphs 1 through 33 above and incorporates them by reference as though fully set forth.

44. The defendants failed to take reasonable steps to stop the prosecution of the plaintiff and upon information and belief instead maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to induce prosecution of the plaintiff.

45. Upon information and belief, the criminal proceedings against the plaintiff were commenced in malice, without probable cause, and with knowledge that they would not

ABBOTT BUSHLOW & SCHECHNER, LLP  •  ATTORNEYS AT LAW  •  70-11 FRESH POND ROAD  •  RIDGEWOOD, N.Y. 11385

succeed.

46. As a result of the malicious prosecution, the plaintiff was deprived of liberty and suffered the humiliation, mental anguish, and the indignity and frustration of an unjust criminal prosecution.

47. As a result of the malicious prosecution, plaintiff WILLIAM RODRIGUEZ suffered damages as aforesaid.

## RELIEF REQUESTED

WHEREFORE, plaintiff WILLIAM RODRIGUEZ requests that this Court award compensatory damages in an amount to be determined (but believed to be in excess of $150,000.00); reasonable attorneys fees pursuant to 42 U.S.C. § 1988; costs and disbursements of this action; and such other and further relief as this Court may deem just and proper.

Dated: Ridgewood, New York
July 25, 2014

Respectfully submitted,

ABBOTT BUSHLOW & SCHECHNER, LLP

By: Alan L. Bushlow, Esq. (AB 3069)
70-11 Fresh Pond Road
Ridgewood, New York 11385
(718) 366-0464
*Attorneys for Plaintiff*