| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| SONIA PEREIRA, as Executor of the Estate of WILLIAM RODRIGUEZ,<br><br>                Plaintiff,<br><br>– against –<br><br>DETECTIVE ROCK PEREIRA (Shield No. 3045), THE CITY OF NEW YORK and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS NO. 1–10,<br><br>                Defendants. | **MEMORANDUM & ORDER**<br><br>1:13-cv-4329 (ERK) |

      This case arises out of the search of William Rodriguez's apartment, and the subsequent arrest and prosecution of Rodriguez based on evidence recovered during that search. According to the complaint, Detective Rock Pereira requested a warrant from a magistrate judge to search plaintiff's decedent William Rodriguez's residence, based entirely on information provided by a confidential informant ("CI"). The CI told Detective Pereira that Rodriguez had a handgun in his residence, and Detective Pereira's investigation indicated that Rodriguez did not have a gun license. After hearing live testimony from the CI, and finding her credible, the magistrate judge issued the warrant.

      Then, in the early morning of August 1, 2012, officers forcibly entered Rodriguez's apartment and proceeded to search it for contraband. One imitation

1

pistol BB gun and two daggers were recovered during the search. The officers then arrested Rodriguez. At arraignment, he was charged with violations of New York City Administrative Code § 10-131(g), for possession of an illegal imitation firearm, and § 10-133(b), for possession of knives in a public place, even though owning daggers inside of one's home is not a crime. The count related to the possession of knives was later dismissed as facially deficient. The count alleging possession of an imitation firearm was also dismissed, although the New York criminal court judge did not reach the merits because the dismissal was "in the interest of justice" due to "the relatively minor nature of defendant's alleged offense and his serious health problems." Def.'s Mot. Summ. J., Ex. M, at 3, ECF No. 36.

Rodriguez brought claims under 42 U.S.C. § 1983 for excessive use of force, unlawful search and seizure, false arrest, and malicious prosecution. Defendants now move for partial summary judgment with respect to the unlawful search and seizure, false arrest, and malicious prosecution claims. Because there are no triable issues of material fact with respect to those issues, the defendants' motion is granted.

**I.  Search and Seizure**

"Normally, the issuance of a search warrant (which depends, of course, on a finding of probable cause) creates a presumption that it was objectively reasonable for the officers to believe that the search was supported by probable cause." *Martinez v. City of Schenectady*, 115 F.3d 111, 115 (2d Cir. 1997). Nevertheless,

pistol BB gun and two daggers were recovered during the search. The officers then arrested Rodriguez. At arraignment, he was charged with violations of New York City Administrative Code § 10-131(g), for possession of an illegal imitation firearm, and § 10-133(b), for possession of knives in a public place, even though owning daggers inside of one's home is not a crime. The count related to the possession of knives was later dismissed as facially deficient. The count alleging possession of an imitation firearm was also dismissed, although the New York criminal court judge did not reach the merits because the dismissal was "in the interest of justice" due to "the relatively minor nature of defendant's alleged offense and his serious health problems." Def.'s Mot. Summ. J., Ex. M, at 3, ECF No. 36.

Rodriguez brought claims under 42 U.S.C. § 1983 for excessive use of force, unlawful search and seizure, false arrest, and malicious prosecution. Defendants now move for partial summary judgment with respect to the unlawful search and seizure, false arrest, and malicious prosecution claims. Because there are no triable issues of material fact with respect to those issues, the defendants' motion is granted.

**I.  Search and Seizure**

"Normally, the issuance of a search warrant (which depends, of course, on a finding of probable cause) creates a presumption that it was objectively reasonable for the officers to believe that the search was supported by probable cause." *Martinez v. City of Schenectady*, 115 F.3d 111, 115 (2d Cir. 1997). Nevertheless,

that presumption of reasonableness is rebutted where an officer "knowingly and intentionally, or with reckless disregard for the truth, made a false statement or omitted material information," and that misrepresentation or omission was "necessary to the finding of probable cause." *Id.* at 115 (quoting *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993) (quotation marks and internal ellipses omitted)).

Rodriguez argues that Detective Pereira made several material omissions in his warrant application, including that the CI had no record of reliability, that the CI stood to reap the benefit of a reward for a successful tip, and that there was no evidence corroborating the CI's tip. Nevertheless, none of these alleged omissions amounts to a material omission or misrepresentation, especially because the magistrate judge had the opportunity to question the CI under oath and found her credible. Neither did the detention of Mr. Rodriguez during the search constitute an unreasonable intrusion on his personal liberty. *See Michigan v. Summers*, 452 U.S. 692, 705-06 (1981) ("[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted.").

## II. False Arrest

The right of an individual not to be arrested or prosecuted without probable cause is well settled. *Soares*, 8 F.3d at 920. Nevertheless, Detective Pereira plainly

3

had probable cause to arrest Mr. Rodriguez, once he "observed and recovered a black imitation pistol . . . inside the defendant's bedroom," Def.'s Mot. Summ. J., Ex. K, at 1, ECF No. 36, possession of which is a violation of the New York City Administrative Code. *See, e.g.*, *In re Timothy L.*, 815 N.Y.S.2d 550, 551 (App. Div. 1st Dep't 2006). Specifically, § 10-131(g) provides that a person may not "possess . . . any toy or imitation pistol or revolver unless said imitation or toy pistol or revolver shall be colored in colors *other than black* . . . ." N.Y.C. ADMIN. CODE § 10-131(g) (emphasis supplied). Because there was probable cause to arrest Rodriguez for possession of an illegal imitation gun, it does not matter that there may not have been probable cause to arrest for possession of an illegal knife. *See Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004) (holding that an officer's subjective reason for making an arrest need not be the criminal offense as to which the known facts provide probable cause).

### III. Malicious Prosecution

At his deposition, in response to a leading question, Detective Pereira agreed that it was "his decision to charge Mr. Rodriguez with possession of a knife under administrative code section 10-133(b)." Bushlow Decl., Ex. D at 94. Rodriguez relies on this supposed admission of responsibility for the charging decision to support a malicious prosecution claim against Detective Pereira. Pl.'s Opp'n Br. 8. Nevertheless, Pereira's testimony was immediately corrected by the Assistant

4

Corporation Counsel, who stated that Pereira is "a detective [and] wouldn't have the familiarity that I have" with the manner in which the criminal complaint was prepared and filed. Specifically, she said that the complaint was "prepared by the district attorney's office and they typed [it] up and *whatever charges are brought, it's base[d] on what they want to bring*." *Id.* at 95 (emphasis supplied). Because the statement of the assistant corporation counsel was not the equivalent of a sworn statement that would be required to support a motion for summary judgment, I requested an affidavit from the Assistant District Attorney responsible for the criminal complaint attesting to the process by which such complaints are prepared. The affidavit has since been provided and confirms that the decision to prosecute was made by the district attorney and not the Detective Pereira, and Mr. Rodriguez has not come forward with rebuttal evidence. More specifically, the Assistant District Attorney who was the Supervisor of the Intake Bureau stated in his affidavit that he supervised the preparation of the criminal complaint, which "was the result of an interactive process between an Assistant District Attorney (ADA) and the arresting officer, Detective Pereira." Decl. of ADA Barry Pinto at 2. Subsequent to that process, the Supervising ADA "made an independent and final determination as to the crimes to charge and the sufficiency of the charges based upon the ADA's interview of Detective Pereira." *Id.* Indeed, there is no evidence that the Supervising ADA had any contact with Detective Pereira.

Contrary to the letter by Rodriguez's attorney in response to the foregoing affidavit, there is no evidence to create an issue of fact as to whether "Detective Pereira may have requested or directed the prosecution" or whether "the prosecutor would have accepted [the] charges [suggested by the Detective] without further scrutiny." Alan Bushlow Letter In Response to July 7, 2017 Order, ECF No. 47. Moreover, the complaint makes clear that Detective Pereira disclosed that he found the daggers "inside the defendant's bedroom," rather than in a public place. Def.'s Mot. Summ. J., Ex. K, at 1, ECF No. 36.

While the foregoing is sufficient to justify the dismissal of the malicious prosecution claim, that cause of action also fails because there was probable cause to bring a charge for illegal possession of an imitation firearm. Moreover, this is not a case like *Cantalino v. Danner*, 96 N.Y.2d 391, where the case was dismissed "because plaintiff was innocent and the prosecution groundless." *Id.* at 395. On the contrary, the criminal court judge dismissed the imitation firearm charge "only on principles of justice, not on the legal or factual merits of the charge," due to "the relatively minor nature of defendant's alleged offense and his serious health problems." Def.'s Mot. Summ. J., Ex. M, at 3, ECF No. 36.

## CONCLUSION

Defendants' motion for partial summary judgment with respect to the unlawful search and seizure, false arrest, and malicious prosecution claims is granted.

**SO ORDERED.**

Brooklyn, New York
July 28, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge